VILLAGE OF ELMIRA HEIGHTS, Respondent, v. JOSEPH LYNCH, as Clerk of the Town Board of the Town of Horseheads, Chemung County, State of New York, and Others, Constituting the Town Board Aforesaid, Appellants.

Third Department, December 1, 1927.

Certiorari — return — amended return — claim was presented to town board and rejected by it on ground that it did not have power to audit — return to certiorari order stated action of town board but did not include any papers or documents — error to require amended return, since no papers or documents were used in action by town board.

The petitioner's motion for an order directing the defendants to file an amended return to a certiorari order should have been denied, since it appears that the claim forming the basis of the order was presented to the town board and was by it rejected on the ground that the board had no authority to audit the claim, and since it further appears that that fact was stated in the original return. In view of the action of the town board in rejecting the claim without audit, there were no books, papers or evidence before it that were used in reaching the decision by the town board to reject the claim.

APPEAL by the defendants, Joseph Lynch and others, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Chemung on the 29th day of April, 1927, granting plaintiff's motion for an order directing the defendants to file an amended return.

*Bentley & Bush* [*Frederick Collin* of counsel], for the appellants.

*McDowell & McDowell* [*Robert P. McDowell* of counsel], for the respondent.

PER CURIAM. The village of Elmira Heights in the county of Chemung is located partly within the town of Horseheads. The village presented a claim to the town board asking that there be paid to such village a large amount of money which had been distributed by the county treasurer under the provisions of article 9-A of the Tax Law, the claim being in substance that the town had received and retained tax moneys through an error in calculation or a misinterpretation of the Tax Law, which moneys belong to the village. Upon presentation of the claim the only action taken by the town board was the passage of a resolution, as follows:

" *Resolved*, that the claim of the Village of Elmira Heights for the refund of $42,465.25 on account of moneys alleged by said Village of Elmira Heights to have been erroneously paid to said Town of Horseheads by the County Treasurer in the years 1920,

1921, 1922, 1923, 1924 and 1925 under Article 9-A of the Tax Law with interest thereon which said claim was filed with the Town Clerk on September 1, 1926, be and the said claim hereby is rejected by said Town Board of the Town of Horseheads.''

The village sought to review the action of the town board and obtained an order of certiorari directed to the members of the town board and commanding them to return, as follows: '' all and singular your proceedings and decisions and actions in the premises with the dates thereof, and all and singular evidence, documents, records and all other papers before you or which were submitted to you concerning the said matter, with your determination, to the end that your decision and action may be reviewed and corrected on the merits by this Court, and any error committed in rejecting the said claim of the Village of Elmira Heights in the amount of $42,465.25 may be corrected according to law and that the said action or determination may be corrected or reviewed according to law as to the Court may seem just and proper.''

Motion was made to vacate this order and such motion was denied. The town board thereupon made a return to the order which admitted the identification of the parties; that the claim was filed; that they adopted the resolution in which the claim was rejected and setting forth their conclusion that the board did not audit the claim but rejected it without an audit, and stating in connection therewith, as follows: '' The claim, upon its presentation, was correctly and fully read to the Board and its members, and therefrom the contents and the character and nature of the claim were known by them. They thereupon, with the aid of counsel, discussed and deliberated concerning the character and nature of the claim and concluded to refuse to recognize the claim as within their duty or power to audit, or to consider or audit it, and pursuant to and in virtue of such conclusion, adopted a resolution '' (which is hereinbefore set forth).

They also stated that '' prior to the adoption of said resolution or thereafter, they did not audit, or examine into or pass upon the merits or correctness of the claim or any of the items thereof. They rejected it and each item thereof, without an audit thereof, and because of their conclusion that, because of its nature, the auditing of it was not within their statutory authority or duty.''

The board also alleged in their return that by virtue of the fact that no audit or examination or disposition of the case was made on the merits, there were of necessity before them no documents or other papers, as required, to be returned under said order.

A motion was thereupon made for an order directing the defendants to file and serve an amended return and directing the omission

from said amended return of certain matters set forth in the return as made, and that the return should set forth facts showing the amounts received by the county treasurer from the State Comptroller under article 9-A of the Tax Law for distribution during certain years mentioned; the amounts distributed to the village and town, respectively, during said years; the total assessment roll of the town of Horseheads during said years, and the assessed valuation of property in the village and town, respectively, during the same period; and also the proportion which the town assessment roll of that portion of the village of Elmira Heights within the town bears to the total assessment roll of the town of Horseheads; the total town tax raised by the town; the method of computing the amounts distributed by the county treasurer under said article 9-A of the Tax Law; the method of computing amounts distributed during the years mentioned; and also that they return a certain letter addressed by the plaintiff's attorney to the clerk of the town board, together with a copy of a letter of the Attorney-General thereto attached and inclosed therewith.

The court thereupon made the order directing the amended return as above stated and it is from that order that this appeal is taken.

Counsel for the town board argues that there is nothing which is required to be returned and the only question for determination is whether or not there is sufficient proof shown to require the service of an amended return. The order for the amended return, above quoted, requires the return of the records, papers, etc., which were used or which were submitted to the town board concerning the matter. It is shown by the original return that there were no documents, records or other papers before the board concerning the matter, except possibly the letter written by the attorney. This was nothing more than a brief or argument presented in support of the claim. It was immaterial and was not used in determining the claim. In fact it appears that no record or papers of any kind were before the board at that time. It was unnecessary to return any part of the records that were not considered in reaching their determination. The " rejection," as has been stated, was not on the merits but solely because they lacked jurisdiction or authority to audit or pay it, as they were advised. The question, therefore, is narrowed down to, " Did the board have jurisdiction to audit? " Whatever evidence may have been before the board would have been immaterial on this purely legal question. There has been no determination on the merits which can be reviewed and no return of evidence is necessary.

46

The order should be reversed on the law and the motion for an amended return be denied, with ten dollars costs.

COCHRANE, P. J., VAN KIRK, McCANN, DAVIS and WHITMYER, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.